# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| ERIC OLSON et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH MILLIGAN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:14-CV-00935-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

Before the court is Defendant Kenneth Milligan's ("Defendant") motion to compel discovery responses from Plaintiffs Eric Olson and Roxanne Olson ("Plaintiffs").[1] Defendant's "First Set of Interrogatories and Requests for Production of Documents" was directed to and "to be answered by Plaintiffs"[2]—in other words, one set of discovery was propounded to both Plaintiffs. At different points within that set, Defendant refers to "Plaintiffs," "Plaintiff," "you," and "your." While likely an issue of poor drafting and cutting corners by counsel, it raises serious issues with the Federal Rules of Civil Procedure, ambiguity, undue burden, and relevance.

The Federal Rules of Civil Procedure permit one party to propound a set of discovery on another party, not multiple other parties. "[A] *party* may serve on any other *party* no more than 25 written interrogatories . . . ." Fed. R. Civ. P. 33(a)(1) (emphasis added). "The interrogatories must be answered: (A) by *the party to whom they are directed* . . . ." Fed. R. Civ. P. 33(b)(1)

---

[1] Docket no. 21.

[2] Docket no. 21 -1 at 2.

(emphasis added).  Finally, "[*t*]*he person* who makes the answers must sign them . . . ." Fed. R. Civ. P. 33(b)(5) (emphasis added).  Rule 34 contains similar language regarding requests for production of documents.  *See, e.g.*, Fed. R. Civ. P. 34(a)(1), (b)(2)(A).

Enforcing these limitations avoids confusion and ambiguity.  Where discovery is directed to "Plaintiffs," the term "you" could mean an individual plaintiff or all plaintiffs.  Similarly, one plaintiff does not necessarily have the same knowledge, claims, or defenses as another plaintiff, and thus cannot certify responses to group discovery requests.  Permitting "group" requests also implicates issues of burden and relevance.  Requiring each plaintiff to respond regarding all plaintiffs likely imposes an undue burden, and the information obtained may be irrelevant or meaningless.  For example, Plaintiff X's responding to how Plaintiff Y calculated Plaintiff Y's future medical expenses is a burdensome and likely irrelevant exercise.

While not necessary to deciding this motion, the court also notes that many of the interrogatories contain improper subparts, and that interrogatories nos. 10 (full list of trial witnesses, including subject matter of testimony) and 11 (full list of all trial documents and exhibits, including description of contents of documents) are improper.

Accordingly, Defendant's motion to compel is **DENIED**.  The court declines to impose sanctions on Defendant at this time.

DATED this 18th day of May, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge